UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DEREK GLEN PEEPLES,**

    **Plaintiff,**

v.                                           Case No: 5:21-cv-625-BJD-PRL

**THE UNITED STATES OF AMERICA,**

    **Defendant.**

### ORDER

Plaintiff, Derek Glen Peeples, who is proceeding *pro se*, filed a lengthy and rambling complaint against the United States, purporting to allege a federal cause of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) related to medical care he received through the Department of Veterans Affairs. The Court struck Plaintiff's initial complaint (Doc. 1) as a shotgun pleading. (Doc. 6). Plaintiff then filed an amended complaint. (Doc. 7). In considering Plaintiff's motion to proceed *in forma pauperis*, the Court reviewed Plaintiff's amended complaint and concluded that it failed to meet any of the pleading requirements set forth in the Federal Rules of Civil Procedure. (Doc. 9). The Court took the motion under advisement and gave Plaintiff an opportunity to file a second amended complaint, which he did. (Doc. 10).

In his various pleadings, Plaintiff has set forth three different FTCA cases he has purportedly asserted over the past years. In Case One—*Peeples v. United States Department of Veteran's Affairs*, No. 8:16-cv-528-SDM-AAS—Plaintiff alleged medical malpractice related to his treatment for Complex Regional Pain Syndrome. This Court dismissed that case for

lack of subject matter jurisdiction on December 20, 2016 and no appeal was filed. As to Case Two, Plaintiff asserts that he sustained injuries to his right leg after falling on May 7, 2017 while using an iWALK2.0 hands free crutch. Plaintiff alleges that he filed a claim with the VA, which was ultimately denied on October 7, 2019, concluding that "there was no negligent or wrongful act on the part of an employee of the Department of Veterans Affairs (VA) acting in scope of employment that caused compensable harm." No action was filed in federal court. Finally, Case Three relates to further injury to his right leg after a second fall from an iWALK2.0 brace on February 20, 2019. Plaintiff alleges that the Department of Veteran's Affairs negligently failed to repair, maintain or replace his iWALK2.0 leg brace; that as a result, the brace fractured, causing him to fall; and that as a result his right lower leg was amputated. Plaintiff filed a claim that was denied on June 25, 2021, again finding "no negligent or wrongful act."

In the second amended complaint, Plaintiff continues to make allegations regarding his three separate FTCA "cases," but he clarifies that he is only seeking relief as to FTCA Case 3. (*See* Doc. 10 at 2, 9). Based on this clarification—and without expressing any opinion on the ultimate merits of his claim—the Court permitted Plaintiff's claim to proceed without paying the costs of this action pursuant to 28 U.S.C. §1915(a). (Doc. 11).

Now, the United States has filed a motion to dismiss, or in the alternative, motion for more definite statement arguing that the second amended complaint is still an impermissible shotgun pleading. (Doc. 15). A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Rule 8(a)(2) requires the complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2). Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity," Rule 10(b) also mandates that "each claim founded on a separate transaction or occurrence ... be stated in a separate count ...." *Id.* The "self-evident" purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that[ ] his adversary can discern what he is claiming and frame a responsive pleading." *Weiland*, 792 F.3d at 1320 (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)). These rules were also written for the benefit of the court, which must be able to determine "which facts support which claims," "whether the plaintiff has stated any claims upon which relief can be granted," and whether evidence introduced at trial is relevant. *Id.* (quoting *T.D.S.*, 760 F.2d at 1544 n.14 (Tjoflat, J., dissenting)).

Here, despite being given several opportunities, Plaintiff's second amended complaint still fails to contain a short and plain statement of the claim with simple, concise, and direct allegations, as required by Rule 8. While Plaintiff has clarified that he is only seeking relief as to Case 3, the second amended complaint contains a lengthy and detailed recitation of purported facts and discussion of various personal grievances, and it is unclear which are material to the claims asserted. In addition, Plaintiff has failed to delineate the alleged causes of action into counts, with numbered paragraphs as required by Rule 10.

Because the second amended complaint fails to give the United States adequate notice of the claims against it and the grounds upon which each claim rests, Defendant's motion to dismiss is **GRANTED**. Plaintiff's second amended complaint (Doc. 10) is dismissed without prejudice as an improper shotgun pleading. The Court will afford Plaintiff one final

opportunity—on or before **December 16, 2022**—to file a third amended complaint that complies with the requirements of Rules 8 and 10(b). The Court has attached a sample complaint that Plaintiff may use in filing his amended pleading.

    **DONE** and **ORDERED** in Ocala, Florida on November 25, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties