UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DEREK GLEN PEEPLES,**

    **Plaintiff,**

v.                                                                           **Case No: 5:21-cv-625-PRL**

**THE UNITED STATES OF AMERICA,**

    **Defendant.**

## ORDER

Plaintiff, Derek Glen Peeples, who is proceeding *pro se*, initiated this action against the United States in December 2021 purporting to allege a federal cause of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) related to medical care he received through the Department of Veterans Affairs. Now, more than one year later, and despite being afforded repeated opportunities to amend, Plaintiff's third amended complaint is still deficient. Accordingly, the United States' motion to dismiss (Doc. 31) is **GRANTED** and Plaintiff's third amended complaint is due to be dismissed because it fails to state a cause of action.

**I.**     **Background**

The Court struck Plaintiff's initial complaint (Doc. 1) as a shotgun pleading. (Doc. 6). Plaintiff then filed an amended complaint (Doc. 7) in which he referenced three different FTCA cases that he has purportedly asserted over the past years. In Case One—*Peeples v. United States Department of Veteran's Affairs*, No. 8:16-cv-528-SDM-AAS—Plaintiff alleged medical malpractice related to his treatment for Complex Regional Pain Syndrome. This

Court dismissed that case for lack of subject matter jurisdiction on December 20, 2016 and no appeal was filed. As to Case Two, Plaintiff asserts that he sustained injuries to his right leg after falling on May 7, 2017 while using an iWALK2.0 hands free crutch. Plaintiff alleges that he filed a claim with the VA, which was ultimately denied on October 7, 2019, concluding that "there was no negligent or wrongful act on the part of an employee of the Department of Veterans Affairs (VA) acting in scope of employment that caused compensable harm." No action was filed in federal court. Finally, Case Three relates to further injury to his right leg after a second fall from an iWALK2.0 brace on February 20, 2019. Plaintiff alleges that the Department of Veteran's Affairs negligently failed to repair, maintain or replace his iWALK2.0 leg brace; that as a result, the brace fractured, causing him to fall; and that as a result his right lower leg was amputated. Plaintiff filed a claim that was denied on June 25, 2021, again finding "no negligent or wrongful act."

In considering Plaintiff's motion to proceed *in forma pauperis*, the Court reviewed Plaintiff's amended complaint and concluded that it failed to meet any of the pleading requirements set forth in the Federal Rules of Civil Procedure. (Doc. 9). The Court took the motion under advisement and gave Plaintiff an opportunity to file a second amended complaint, which he did. (Doc. 10).

In the second amended complaint, Plaintiff continued to make allegations regarding his three separate FTCA "cases," but he clarified that he is only seeking relief as to FTCA Case 3. (See Doc. 10 at 2, 9). Based on this clarification—and without expressing any opinion on the ultimate merits of his claim—the Court permitted Plaintiff's claim to proceed without paying the costs of this action pursuant to 28 U.S.C. §1915(a). (Doc. 11). The United States then moved to dismiss the second amended complaint because it was still an impermissible

shotgun pleading. (Doc. 15). The Court agreed and afforded Plaintiff one last chance to file a third amended complaint. which he has now done. (Doc. 30). The United States has filed the instant motion to dismiss.

## II.     Discussion

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal for failure to state a claim is appropriate if the facts as pled, when accepted as true, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A facially plausible claim must allege facts that are more than merely possible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). However, if allegations in the complaint are "more conclusory than factual, then the court does not have to assume their truth." *Id.* While the Court holds complaints in *pro se* actions to less stringent pleading standards, a *pro se* plaintiff remains subject to the same law and rules of court as a litigant represented by counsel. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

As an initial matter, Plaintiff improperly attempts to incorporate into his third amended complaint 5 pages of factual allegations from his previous response to the United States' prior motion for more definite statement. (Doc. 30 at ¶2; Doc. 28 at 14-19).[1] Such piecemeal pleadings are inappropriate and unacceptable. Accordingly, in considering the instant motion, the Court will only review the allegations contained in the third amended complaint.

---

[1] Plaintiff states that he "reaffirm[s]" the facts cited in Doc. 28 from page 14 through page 19 per paragraphs "(4)A through (4)L."

"'The FTCA is a specific, congressional exception' to the United States' sovereign immunity for tort claims, under which the government may 'be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government.'" *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (quoting *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994)). "The FTCA provides that the United States may be sued for actions in negligence if a private party would be subject to suit in the same circumstances." *Fernandez v. United States*, 766 Fed.Appx. 787, 788 (11th Cir. Mar. 12, 2019) (citing 28 U.S.C. §1346(b)(1)). The law applicable to an FTCA claim is the law of the state where the tortious act occurred. 28 U.S.C. § 1346(b)(1)); *see also Zelaya v. United States*, 781 F.3d 1315, 1323 (11th Cir. 2015). All the events in the current case occurred in Florida; thus, Florida law applies.

At the most basic level, Plaintiff's theory of the case is unclear. While Plaintiff's claim is focused on medical treatment he received at the VA, the Court cannot glean from the current complaint whether Plaintiff is attempting to assert a claim for medical malpractice or some other theory of negligence. "To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages." *Lewis v. City of St. Petersburg*, 260 F. 3d 1260, 1262 (11th Cir. 2001). And to state a claim for medical malpractice, Plaintiff must allege that he has complied with the pre-suit requirements set forth in Chapter 766 of Florida Statutes.[2]

---

[2] These requirements include a pre-suit investigation to determine whether medical malpractice occurred and obtaining a "verified written medical expert opinion" providing "[c]orroboration of reasonable grounds to initiate medical negligence litigation[.]" *Adacia v. Aventura Hospital*, No. 19-cv-22374-BLOOM/Louis, 2019 WL 898993, at *2-3 (S.D. Fla. June 12, 2019).

Here, Plaintiff alleges in a cursory manner that the VA failed to timely address his concerns regarding repair and/or replacement of his IWalk2.0; that the device fractured, causing him to fall on February 20, 2019, and that as a result he had a below knee amputation on May 18, 2020, for which he seeks $50 million in damages. While Plaintiff generally alleges that a "duty was owed," he fails to identify the applicable duty or standard of care. Plaintiff references VHA policy 1173, including VA Mission Statement and 2018 VA Mission Act, but he does not explain what they are or how he believes they relate to his claim. Because Plaintiff has not sufficiently alleged a duty owed to Plaintiff by Defendant, he has not pleaded a claim for negligence. And to the extent Plaintiff is attempting to assert a claim for medical malpractice, his claim additionally fails because he has not alleged that he complied with the pre-suit requirements. Accordingly, Plaintiff has failed to allege a plausible claim under the FTCA.

Plaintiff also purports to bring a claim under 18 U.S.C. §1001 against two VA officials who allegedly lied to the federal government regarding his case.[3] However, because 18 U.S.C. §1001 is a criminal statute that does not provide a private cause of action, Plaintiff's claims are due to be dismissed. *See Muhammad v. Bethel-Muhammad*, No. 11-0690-WS-B, 2012 WL 1854315, *9 (S.D. Ala. May 21, 2012).

Accordingly, the United States motion to dismiss (Doc. 31) is **GRANTED** and Defendant's third amended complaint (Doc. 30) is dismissed. Because the previous complaints were dismissed as shotgun pleadings without discussion of Plaintiff's substantive claims, and it is at least possible that Plaintiff could remedy the deficiencies in his current

---

[3] Although not identified as defendants to this action, Plaintiff seeks relief against Thomas Wisnieski and Kristen Nelson pursuant to 18 U.S.C. §1001.

complaint by amendment, the Court will allow Plaintiff one **last** opportunity to allege a claim against the United States as to FTCA Case 3.

Plaintiff shall file a fourth amended complaint by **March 3, 2023.** Plaintiff must clearly allege the basis for his claim and include only those factual allegations that support his claim for FTCA Case 3. Plaintiff's amendment <u>shall not</u> include a claim under 18 U.S.C. §1001.

Failure to file an amended complaint by the deadline will result in dismissal of the case without further notice.

**DONE** and **ORDERED** in Ocala, Florida on February 10, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

!