UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DEREK GLEN PEEPLES,**

    **Plaintiff,**

**v.**                                                                     Case No: 5:21-cv-625-PRL

**THE UNITED STATES OF AMERICA,**

    **Defendant.**

**ORDER**

In December 2021, Plaintiff, Derek Glen Peeples, who is proceeding *pro se*, initiated this action against the United States purporting to allege a federal cause of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) related to medical care he received through the Department of Veterans Affairs. Over the past year and a half, the Court has dismissed each version of Plaintiff's complaint for various pleading deficiencies but has allowed Plaintiff to amend each time. (*See* Docs. 6, 9, 29, 33). Plaintiff has now filed his fourth amended complaint (Doc. 34), which the United States has moved to dismiss for failure to state a claim. (Doc. 35). While not perfect, the Court is satisfied that Plaintiff has stated a claim for negligence under the FTCA, and thus, the United States' motion to dismiss (Doc. 35) is due to be **DENIED**.

    **I.**    **Legal Standards**

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal for failure to state a claim is appropriate if the facts as pled, when

accepted as true, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A facially plausible claim must allege facts that are more than merely possible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). However, if allegations in the complaint are "more conclusory than factual, then the court does not have to assume their truth." *Id.* While the Court holds complaints in *pro se* actions to less stringent pleading standards, a *pro se* plaintiff remains subject to the same law and rules of court as a litigant represented by counsel. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

## II.   Discussion

"'The FTCA is a specific, congressional exception' to the United States' sovereign immunity for tort claims, under which the government may 'be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government.'" *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) (quoting *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994)). "The FTCA provides that the United States may be sued for actions in negligence if a private party would be subject to suit in the same circumstances." *Fernandez v. United States*, 766 Fed.Appx. 787, 788 (11th Cir. Mar. 12, 2019) (citing 28 U.S.C. §1346(b)(1)). The law applicable to an FTCA claim is the law of the state where the tortious act occurred. 28 U.S.C. § 1346(b)(1)); *see also Zelaya v. United States*, 781 F.3d 1315, 1323 (11th Cir. 2015). All the events in the current case occurred in Florida; thus, Florida law applies.

In its previous Order, the Court noted that it was unclear whether Plaintiff was attempting to assert a claim for ordinary negligence or medical malpractice. (*See* Doc. 33 at 4). This is significant because to state a claim for medical malpractice (as opposed to ordinary

negligence), Plaintiff must allege that he has complied with the pre-suit requirements set forth in Chapter 766 of Florida Statutes.[1] Plaintiff does not contend that he has complied with these requirements in his most recent complaint.

To determine whether Plaintiff's failure to comply with the pre-suit requirements is fatal to his claim, a determination needs to be made as to whether this suit is for medical malpractice or ordinary negligence, which is an intensively fact-based analysis. *See Nat'l Deaf Acad., LLC v. Townes*, 242 So.3d 303, 312 (Fla. 2018) ("Whether the kinds of claims presented in ['gray area'] cases sound in ordinary or medical negligence depends on both the specific circumstances under which the injury occurred and the allegations in the pleadings."). At this stage in the proceedings, however, the Court's inquiry is limited to the factual allegations within the four corners of Plaintiff's Fourth Amended Complaint, which the Court must accept as true. *See Holmes Reg'l Med.Ctr., Inc. v. Durnigan*, 151 So.3d 1282, 1286 (Fla. 5th DCA 2014).

Florida law defines "medical malpractice" as "a claim, arising out of the rendering of, or the failure to render, medical care services." Fla. Stat. § 766.106(1)(a). However, the mere fact that a claim arises in a medical setting does not transform an ordinary negligence claim into one for medical malpractice; the wrongful act must be "directly related to medical care or services, which require the use of professional judgment or skill." *National Deaf Academy, LLC v. Townes*, 242 So.3d 303, 311-12 (Fla. 2018); *Holmes Reg'l Med.Ctr., Inc. 151 So.3d at 1286.*

---

[1] These requirements include a pre-suit investigation to determine whether medical malpractice occurred and obtaining a "verified written medical expert opinion" providing "[c]orroboration of reasonable grounds to initiate medical negligence litigation[.]" *Adacia v. Aventura Hospital*, No. 19-cv-22374-BLOOM/Louis, 2019 WL 898993, at *2-3 (S.D. Fla. June 12, 2019). They "apply to all medical negligence claims and defenses," section 766.203(1), Florida Statutes (2019), and when a claimant fails to satisfy these requirements, "the court shall dismiss the claim." § 766.206(2), Fla. Stat. (2019).

"This inquiry involves determining whether proving the claim requires the plaintiff to establish that the allegedly negligent act 'represented a breach of the prevailing professional standard of care,' as testified to by a qualified medical expert." *National Deaf Academy, LLC,* 242 So.3d at 311-12.

Here, Plaintiff alleges that he was issued an iWalk2.0 leg brace and a prosthetic service card, which authorized repairs for his brace. He alleges that the VA had a duty to provide timely repairs to his brace. According to Plaintiff, despite repeated requests, the VA failed to repair (or replace) the brace, and that as a result, the brace fractured, causing Plaintiff to fall on February 20, 2019. Plaintiff alleges that his right leg was injured in the fall and had to be amputated below the knee. Accepting these allegations as true, Plaintiff has alleged sufficient facts to plead his action as one sounding in ordinary negligence. Plaintiff does not allege that any medical judgment or skill was exercised by the VA, and thus, jurors can use their common experience to determine whether the failure to repair Plaintiff's leg brace constitutes a negligent act. Accordingly, a dismissal with prejudice is not warranted at this juncture. *McManus v. Gamez,* 276 So.3d 1005, 1009-10 (Fla. 2d DCA 2019).

With that said, the only claim that Plaintiff has sufficiently alleged is a claim for negligence related to his fall on February 20, 2019, which he contends resulted in his below knee amputation on May 18, 2020. In his most recent complaint, Plaintiff makes passing reference to the Americans with Disabilities Act and wheelchair access to the federal courthouse in Ocala as well as issues arising out of his VA home loan, none of which are properly alleged in this action.

- 5 -

Based on the foregoing, the United States' motion to dismiss (Doc. 35) is **DENIED.** The United States shall file an answer to the Fourth Amended Complaint within **21 day**s of this Order.

**DONE** and **ORDERED** in Ocala, Florida on April 13, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties