# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**DEREK GLEN PEEPLES,**

>   **Plaintiff,**

**v.**                                                        **Case No: 5:21-cv-625-PRL**

**THE UNITED STATES OF
AMERICA,**

>   **Defendant.**

_____

## ORDER

Plaintiff, Derek Glen Peeples, who is proceeding *pro se*, initiated this action against the United States purporting to allege a federal cause of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), related to medical care he received through the Department of Veterans Affairs. Specifically, Plaintiff alleges that he was issued an iWalk2.0 leg brace and a prosthetic service card, which authorized repairs for his brace. He alleges that the VA had a duty to provide timely repairs to his brace. According to Plaintiff, despite repeated requests, the VA failed to repair (or replace) the brace, and that as a result, the brace fractured, causing Plaintiff to fall on February 20, 2019. Plaintiff alleges that his right leg was injured in the fall and had to be amputated below the knee on May 18, 2020.

After repeated dismissals and amendments (*see* Docs. 6, 7, 9, 10, 29, 30, 33, 34), the Court ultimately determined that Plaintiff's Fourth Amended Complaint sufficiently stated a claim for general negligence (and not medical malpractice) under the FTCA and directed the United States to file its answer. (*See* Doc. 37). The United States then sought leave to file the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), asserting for the first time, that

Plaintiff's claims are barred by the two-year statute of limitations mandated by the FTCA. (Doc. 41). After reviewing the motion and Plaintiff's response, the Court agrees that Plaintiff's Fourth Amended Complaint is due be dismissed.

## I.     Legal Standard

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move for dismissal when it appears that the court lacks jurisdiction over the subject matter of the dispute. Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) come in two forms: "facial attacks" and "factual attacks." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). Thus, the court will "look at the face of the complaint and determine whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction." *Scelta v. Delicatessen Support Servs., Inc.*, No. 98–2578–CIV–T–17B, 1999 WL 1053121, at *4 (M.D. Fla. Oct. 7, 1999).

Here, Defendant makes a factual attack which challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings," and the court may consider "matters outside the pleadings, such as testimony and affidavits." *Lawrence,* 919 F.2d at 1529 (internal quotation marks omitted). With a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Garcia v. Copenhaver, Bell & Assocs.,* 104 F.3d 1256, 1261 (11th Cir. 1997).

## II.        Discussion

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). For purposes of § 2401(b), an administrative tort claim "shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain . . . ." 28 C.F.R. § 14.2(a). A cause of action accrues, and the statute of limitations clock begins to run, when "the facts which would support a cause of action are apparent or should be apparent" to a reasonably prudent person. *Rozar v. Mullis,* 85 F.3d 556, 561–62 (11th Cir. 1996).

Here, the parties disagree about when Plaintiff's cause of action accrued, thus triggering the two-year statute of limitations. The United States asserts that Plaintiff's cause of action accrued on February 20, 2019—the date that his brace fractured, causing him to fall and injure his leg. Using this accrual date, Plaintiff was required to present his administrative claim to the agency by February 20, 2021. The United States has offered unrefuted evidence that while Plaintiff's administrative claim was allegedly signed by Plaintiff on February 19, 2021, the Department of Veterans Affairs did not actually receive it until March 1, 2021. *See* Doc. 41-1, Declaration of Jenny Mai. Thus, if Plaintiff's cause of action accrued on February 20, 2019, his claim is time-barred. Plaintiff, however, takes the position that his claim did not accrue until May 16, 2019—the date when he became aware from a medical consultation that "amputation is an option."

"[T]he general rule under the [FTCA] has been that a tort claim accrues at the time of the plaintiff's injury." *United States v. Kubrick*, 444 U.S. 111, 120 (1979). And

- 3 -

"[m]isapprehension of the seriousness or permanency of an injury does not toll the statute of limitations under the FTCA." *K.E.S. v. U.S.*, 38 F.3d 1027, 1030 (8th Cir. 1994); *see also Shirley v. U.S.*, 832 F. Supp. 1324, 1327 (D. Minn. 1993) ("If the cause and the fact of the injury is known, a lack of knowledge of the injury's permanence, extent, and ramifications does not toll the statute of limitations."); *Lynch v. U.S. Dep't of Army Corps of Eng'rs,* 474 F. Supp. 545, 549 (D. Md. 1978) ("(o)ne who knows that an injurious tort has been committed against him may not delay the filing of his suit until the time, however long, when he learns the precise extent of the damage resulting from the tort * * * (T)he running of a statute of limitations does not await determination of the full extent of injury.") (internal citations omitted).

Here, in his Fourth Amended Complaint, Plaintiff alleges that by February 20, 2019, he was aware of both causation (i.e., the VA's failure to repair or replace his brace, which caused his brace to fracture) and his resulting injury. The fact that Plaintiff did not appreciate the seriousness or permanence of his injury for several more months did not serve to toll the statute of limitations under the FTCA. Accordingly, Plaintiff's claim accrued on February 20, 2019—the date of his injury—and thus, he was required to present his administrative claim to the agency by February 20, 2021, which he did not do. Because Plaintiff's claim is "forever barred," the Court lacks subject matter jurisdiction over this action.

- 4 -

### III.    Conclusion

For the reasons discussed above, the United States' motion to dismiss Plaintiff's Fourth Amended Complaint (Doc. 41) is **GRANTED** and Plaintiff's Fourth Amended Complaint is **DISMISSED** with prejudice. The Clerk is directed to terminate all pending motions and close the file.

**DONE** and **ORDERED** in Ocala, Florida on June 29, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties